UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL ANTHONY TURNER,

        Petitioner,

        v.                                                          Case No. 07-C-0981

LARRY JENKINS, Warden,
Kettle Moraine Correctional Institution,

        Respondent.

## ORDER ON RULE 4 REVIEW

On November 5, 2007, the petitioner, Michael Anthony Turner ("Turner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis and a motion for appointment of counsel. According to his petition and the attachments thereto, Turner was convicted after a jury trial in the Racine County Circuit Court of four counts of burglary in violation of Wis. Stat. § 943.10(1)(a) and one count of possession of burglarious tools in violation of Wis. Stat. § 943.12. All charges were enhanced under the Habitual Criminality Statute, Wis. Stat. § 939.62. On November 30, 1998, Turner was sentenced to serve seventy-two (72) years incarceration. On August 27, 1999, Turner appealed his conviction to the Wisconsin Court of Appeals. On February 9, 2000, the court of appeals affirmed Turner's conviction. Thereafter, Turner filed a petition for review with the Wisconsin Supreme Court. On April 28, 2000, the Wisconsin Supreme Court denied his petition for review.

As best as this court can discern, on September 24, 2003, Turner filed a motion for postconviction relief, which was denied by the Racine County Circuit Court on October 27, 2003.

Thereafter, on June 29, 2005, Turner filed a motion to modify his sentence and vacate his convictions. That motion was denied by the Racine County Circuit Court on January 31, 2006. Turner appealed from that ruling, and on January 31, 2007, the court of appeals affirmed the circuit court's ruling. On June 12, 2007, the Wisconsin Supreme Court denied Turner's petition for review. As previously stated, Turner filed his petition for a writ of habeas corpus with this court on November 5, 2007.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As stated above, on August 27, 1999, Turner appealed his conviction to the Wisconsin Court of Appeals. On February 9, 2000, the court of appeals affirmed Turner's conviction. Thereafter, Turner filed a petition for review with the Wisconsin Supreme Court. On April 28, 2000, the Wisconsin Supreme Court denied his petition for review.

Based on all of the above, the court is concerned that Turner's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Turner's petition, it will order the parties to submit briefs addressing only the issue of timeliness.

3

There are two final matters to address. First, Turner has filed an application to proceed in forma pauperis. According to that application, Turner currently is paid "[i]nstitutional income of 26 cents an hour." He has received no other money within the past twelve months. He has no cash, as well as no checking or savings accounts. However, as of October 16, 2007, he had $10.57 in his prison regular account and $503.37 in his prison release account. Although the filing fee for a petition for a writ of habeas corpus is only $5.00, I am nevertheless satisfied that Turner's application to proceed in forma pauperis should be granted.

Finally, and as previously stated, Turner has also filed a motion for appointment of counsel. I am not satisfied that appointment of counsel is necessary at this stage of these proceedings. Thus, Turner's motion for appointment of counsel will be denied without prejudice.

**NOW THEREFORE IT IS ORDERED** that on or before January 7, 2008, the respondent submit a brief addressing the timeliness of Turner's habeas petition;

**IT IS FURTHER ORDERED** that on or before February 7, 2008, Turner file a brief addressing the timeliness of his habeas petition in response to the respondent's brief;

**IT IS FURTHER ORDERED** that Turner's application to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Turner's motion for appointment of counsel be and hereby is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 20th day of November 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge